UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KENT R. DILLARD,

                    Plaintiff,

            v.

JOHN DOE JACKSON, et al.,

                    Defendants.

CASE NO. 12-cv-05168 BHS

REPORT AND RECOMMENDATION

NOTED FOR:

September 28, 2012

        The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge, J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636 (b) (1) (A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

        While plaintiff may be offended that he is referred to as an "offender" this alleged offense does not arise to the level of a constitutional violation requiring the extraordinary remedy of a temporary restraining order or preliminary injunction.  Therefore, this Court recommends that plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 13) be denied.

**Summary of Facts**

Plaintiff is a prisoner at Stafford Creek Correctional Center (ECF No. 6, page 2).  As such, he is an "offender" as that term is defined in the Washington State Sentencing Reform Act, RCW 9.94A, *et seq*., which states that an "offender" is:

> A person who has committed a felony established by state law, [and] is 18 years of age or older . . . .

RCW 9.94A.030 (34).

Plaintiff alleges that he was offended that he was required to fill out forms to receive mail and to make legal copies that included the term "offender."  He crossed out the word "offender" because he claimed he was innocent of any crime and the convictions that stemmed from those crimes. (ECF No. 6, page 6).  Defendant Jones, who is a Classification Counselor for plaintiff (ECF No. 17, Exhibit 1. page 1), refused to process the forms allegedly because plaintiff had altered it (ECF No. 6, page 6).

Plaintiff now brings a motion for a temporary restraining order and preliminary injunction on the grounds that he is suffering irreparable injury because defendant(s) is/are impeding his First Amendment right to send and receive mail and to process legal copies (ECF No. 14, page 3).

Defendant Eric Jackson, Associate Superintendent of Programs at the Stafford Creek Corrections Center has filed a declaration stating that the use of Department forms are important to the efficient and consistent processing of offender requests (ECF No. 17-1, page 9).

> A number of Department forms are available to offenders to fill out and submit for action.  Some of these forms include grievance forms, transfer of funds forms, kite forms, etc.  Offenders are not permitted to alter Department forms because it would interfere with Department staff's proper identification and processing of these requests.  The consistency of these forms allows Department staff to quickly identify the request and process it accordingly.  Were offenders permitted to alter these forms, staff would have to carefully examine each piece of paper it received and

1   discern whether it was, for example, a grievance, kite, or legal complaint.
2   Without the consistency in these forms the processing of various
    Department forms would likely take more time and resources, be less
    accurate, and might result in a variation in processing and outcome.  For
3   these reasons it is very important that the Department maintains the
    integrity of Department forms.

4   *Id.*

5        Plaintiff concedes that his documents have been processed by other prison staff, although

6   defendant Jones allegedly continues to refuse to process such documents (ECF No. 18, page 2).

7        Interestingly, when plaintiff filed grievances regarding this issue, he struck out the term

8   "offender" on every one of the grievance forms (*See* ECF No. 17-1, pages 11, 14, 16, 19) yet this

9   did not impede plaintiff's ability to proceed with the grievance process.

10   **Standard of Review**

11        Injunctive relief pursuant to Fed. R. Civ. P. 65 is "an extraordinary remedy that may only

12   be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural*

13   *Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The moving party must demonstrate that "he is

14   likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

15   preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the

16   public interest." *Id.* at 20. In *Winter*, the Court emphasized the need for restraint before granting

17   such a remedy:

18   A preliminary injunction is an extraordinary remedy never awarded as of
     right. In each case, courts must balance the competing claims of injury and
19   must consider the effect on each party of the granting or withholding of
     the requested relief. In exercising their sound discretion, courts of equity
20   should pay particular regard for the public consequences in employing the
     extraordinary remedy of injunction.

21
22   *Winter*, 555 U.S. 7, 24 (citations and quotations omitted). Previous lesser standards are "no

     longer controlling, or even viable." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d
23
     1046, 1052 (9th Cir. 2009).
24

REPORT AND RECOMMENDATION - 3

When considering the granting of prospective relief against government agencies, the Supreme Court has further warned that:

> When a plaintiff seeks to enjoin the activity of a government agency, even within the unitary court system, [his] case must contend with the well-established rule that the government has traditionally been granted the widest latitude in the dispatch of its own internal affairs.

*Rizzo v. Goode*, 423 U.S. 362, 378 (1976) (citations omitted).

Under the Prison Litigation Reform Act:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626 (a) (1) (A).

The Supreme Court has noted that there is a strong constitutional reason underlying this deference to the prison authorities. *Turner v. Safley*, 482 U.S. 78, 85 (1987). "Running a prison is an inordinately difficult undertaking . . . peculiarly within the province of the legislative and executive branches of government . . . . [S]eparation of powers concerns counsel a policy of judicial restraint. Where a state penal system is involved, federal courts have, as we indicated in *Martinez*, additional reason to accord deference to the appropriate prison authorities." *Id.* (citing *Procunier v. Martinez*, 416 U.S. 396, 405 (1974)).

### Discussion

Here, plaintiff contends that he has a First Amendment right not to be referred to as an "offender" even though Washington law defines him as an offender under the Washington Sentencing Reform Act.  RCW 9.94A.030 (34).  He cites no authority for this proposition.

REPORT AND RECOMMENDATION - 4

Plaintiff bears the burden of demonstrating that he is likely to succeed on the merits of this claim. *Winter*, 555 U.S. 7, 24.  He has failed to satisfy this burden.

Even if the Court assumes that plaintiff had some interest in crossing out this allegedly offensive language, he has also failed to prove that he is likely to suffer irreparable harm in the absence of preliminary relief.  He has been able to have his mail processed and legal copies made through other persons or means (ECF No. 18, page 2).  In fact, he has even been able to file grievances and appeals in this matter while deleting the allegedly offensive language from the forms (*see* ECF No. 17-1, pages 11, 14, 16, 19). Finally, while defendants are able to offer some slight justification for maintaining uniformity of procedures (ECF No. 17-1, page 9), this is more than enough to counterbalance plaintiff's minimal interest in not be called an "offender."

In summary, plaintiff has failed in his burden of overcoming the strong presumption of upholding, if possible, a prison's procedures under the PLRA and the separation of powers clause of the Constitution. Therefore, this Court recommends that plaintiff's motion for a temporary restraining order and preliminary injunction be denied.

Pursuant to 28 U.S.C. § 636 (b) (1) and Fed. R. Civ. P. 72 (b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge.  *See* 28 U.S.C. § 636 (b) (1) (C). Accommodating the time limit imposed by Fed. R. Civ. P. 72 (b), the clerk is directed to set the matter for consideration on September 28, 2012, as noted in the caption.

Dated this 27th day of August, 2012.

J. Richard Creatura
United States Magistrate Judge