1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10    KENT R. DILLARD,

11                         Plaintiff,            CASE NO. C12-5168 BHS-JRC

12          v.                                   REPORT AND RECOMMENDATION

13    JOHN DOE JACKSON et al.,                   NOTED FOR:

14                         Defendants.           February 15, 2013

15          This 42 U.S.C. §1983 civil rights action has been referred to the undersigned Magistrate

16    Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges Rules MJR 1,

17    MJR 3, and MJR 4.

18          Defendants filed a motion for judgment on the pleadings (ECF No. 19). The Court

19    converted this motion to a motion for summary judgment because the parties had submitted or

20    referred to documents outside of the pleadings (ECF No. 25). The Court granted the parties time

21    to file additional briefing, however, none was submitted. The Court recommends granting

22    defendants' motion because plaintiff fails to show that he has any first amendment right to alter

23    Department of Corrections' forms.

24

REPORT AND RECOMMENDATION - 1

1  Plaintiff allegedly alters Department of Corrections' forms because he objects to use of

2  the word "offender." Plaintiff does not allege that his objection is rooted in a religious belief

3  (ECF No. 6). Further, even if a first amendment right were implicated, defendants have a

4  legitimate penological reason for not allowing plaintiff to alter forms. Plaintiff's retaliation claim

5  fails because the actions of defendants furthered legitimate penological goals regarding the

6  orderly operations of the facility. In the alternative, the Court recommends granting defendants

7  qualified immunity because the contours of plaintiff's first amendment right are not sufficiently

8  clear so as to place defendants on notice that their conduct violated clearly established law.

9  <u>STANDARD OF REVIEW</u>

10  Summary judgment is appropriate if "the pleadings, the discovery and disclosure

11  materials on file, and any affidavits, show that there is no genuine issue as to any material fact

12  and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is a

13  genuine issue of fact for trial if the record, taken as a whole, could lead a rational trier of fact to

14  find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see*

15  *also T. W. Elec. Service Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.

16  1987). The moving party is entitled to judgment as a matter of law if the nonmoving party fails

17  to make a sufficient showing on an essential element of a claim on which the nonmoving party

18  has the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1985); *Anderson*, 477

19  U.S. at 254 ("the judge must view the evidence presented through the prism of the substantive

20  evidentiary burden"). When presented with a motion for summary judgment, the Court shall

21  review the pleadings and evidence in the light most favorable to the nonmoving party. *Anderson*,

22  477 U.S. at 255 (*citing Adickes v. S.H. Dress & Co.*, 398 U.S. 144, 158-59 (1970)). Conclusory,

23

24

REPORT AND RECOMMENDATION - 2

1  nonspecific statements in affidavits are not sufficient; and, the Court will not presume "missing

2  facts". *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

3  <u>DISCUSSION</u>

4  1       Allegations in the complaint.

5       Plaintiff alleges that defendants retaliated against him for exercising his first amendment

6  rights, including his right to access courts, and his right to exercise religion (ECF No. 6, page 3).

7  Plaintiff's attachments to the complaint clarify that in September of 2011, he requested legal

8  copies and filled out a form asking for legal copies, but defendant Rachel Jones, his counselor,

9  allegedly refused to sign off on the form because plaintiff had crossed out the word "offender"

10  (ECF No. 6 attached "verified complaint").

11       Plaintiff alleges he then filed a religious preference form and a request to transfer funds

12  to a charity and that, again, defendant Jones refused to process the form because plaintiff had

13  crossed out the word "offender." *Id.*  Thus, plaintiff was not retaliated against for exercising his

14  rights of access to courts or freedom of religion. Defendants refused to process his requests

15  because plaintiff had altered the form. Plaintiff contends that crossing out the word "offender" is

16  an exercise in free speech.

17       Plaintiff alleges that he has a first amendment right to alter Department of Corrections'

18  forms because he finds the word "offender" offensive.  Plaintiff does not allege that his dislike of

19  the term is based on any religious belief (ECF No. 6).  Plaintiff also alleges that defendants

20  retaliated against him for exercising his first amendment right to alter forms. Plaintiff's argument

21  regarding access to courts and freedom of religion is based on requests he made that were not

22  processed only because he had altered the forms (ECF No. 6, Attached verified complaint).

23

24

1    2.    The first amendment claim.

2    As this Court stated in the August 7, 2012, Report and Recommendation regarding

3 injunctive relief "[w]hile plaintiff may be offended that he is referred to as an "offender" this

4 alleged offense does not arise to the level of a constitutional violation. . . ." (ECF No. 20).

5    Plaintiff has been convicted of a felony and he is a prisoner at Stafford Creek

6 Correctional Center (ECF No. 6, page 2). As such, he is an "offender" as that term is defined in

7 the Washington State Sentencing Reform Act, RCW 9.94A, *et seq*., which states that an

8 "offender" is:

9    A person who has committed a felony established by state law, [and] is 18 years
     of age or older . . . .
10
     RCW 9.94A.030 (34).
11
12    Plaintiff seeks to alter Department of Corrections' forms that he uses. Plaintiff's first

13 amendment rights do not extend to forcing the Department of Corrections to alter its records or

14 forms. *See generally Malik v. Brown*, 71 F.3d 724, 728 (9th Cir. 1995)(*citing Barrett v. Virginia*,

15 689 F.2d 498,503 (4th cir. 1982); *Akbar v. Canney,* 634 F.2d 339, 340 (6th Cir.1980), *cert.*

16 *denied*, 450 U.S. 1002, (1981)). Further, the defendants argue that they have an interest in

17 maintaining the integrity of the departments' forms to ensure the efficient and consistent

18 processing of offender's requests (ECF No. 19, page 5); (ECF No. 17, Exhibit 2)). The Court

19 finds that this is a legitimate and neutral correctional interest. In reaching this conclusion, the

20 Court has considered three of the four factors usually considered in addressing an alleged

21 violation of a first amendment right in the prison context. *Turner v. Safley*, 482 U.S. 78, 89-90

22 (1987).

23    First, there is a rational connection or reason for use of the term "offender." This term is

24 how the state legislature defines plaintiff in the sentencing reform act. Use of the term promotes

REPORT AND RECOMMENDATION - 4

consistency in processing and lack of misunderstanding as to who is making a request or what funds are being accessed. Further, the use of the term is legitimate and neutral without regard to race, creed, or religion.

The second factor that is normally considered by the Court is whether the inmate has alternative means for exercising his constitutional right. The Court finds this factor is not applicable. Plaintiff cites no case law for the proposition that he has a constitutional right to alter a form or avoid being called an "offender." The Court has found no authority that supports the proposition. Even if it were applicable, defendants note that plaintiff has the ability to express his aversion to the term "offender." Plaintiff has addressed his feelings with several Department employees complaining that he is offended by the word "offender." (ECF No. 17, Exhibits 1-2). Plaintiff has also filed grievances about the use of the term. *Id*. Additionally, Department staff have advised plaintiff that they cannot change Department forms and have notified him that he may write to the Forms Administrator at headquarters to request a form change. *Id*. Plaintiff has a variety of alternative avenues to express his aversion to the word "offender." (ECF No. 19, page 6).

The third factor considered by the Court is the impact accommodating plaintiff will or may have.  Here, the parties disagree on the impact accommodating plaintiff may have. Plaintiff argues that allowing him to cross out the word "offender" is harmless (ECF No. 22, page 3). Defendants take a more global view and argue that a requirement that offenders not alter forms is at issue. They state that "the processing of altered forms would have an impact on the efficiency of Department of Corrections' facilities and the resources allotted to the processing of offender requests." (ECF No. 19, page 6). Simply looking at the attachment to plaintiff's response, where he has crossed out the word "offender" in front of "offender's signature" and "offender's name"

1    on a request to transfer funds supports defendants' position. With the word "offender" removed

2    the question of who is attempting to transfer the funds and what funds are being transferred

3    becomes more difficult to discern. Further, defendants' position is well taken, once the altering

4    of forms is allowed, the question becomes what can be left off or altered. The use of an inmate

5    number may be offensive to some persons. The use of a name other than a person's religious

6    name may be offensive to others.  Thus, accommodating plaintiff may result in a ripple effect.

7         The final factor is whether there are ready alternatives that could be employed at

8    minimum costs. Plaintiff's contention, that allowing the alteration is harmless, is not acceptable

9    and he does not come forward with another alternative.

10        The Court concludes that not allowing alteration of the form furthers a legitimate

11   penological goal and is therefore constitutional. The Court recommends granting defendants'

12   motion on this issue.

13        3. The retaliation claim.

14        To prove retaliation, plaintiff must show that he was retaliated against for exercising

15   constitutional rights, and that the retaliatory action did not advance "legitimate penological goals,

16   such as preserving institutional order and discipline". *Barnett v. Centoni*, 31 F.3d 813, 815-16

17   (9th Cir. 1994) (*per curiam*) (*citing Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985)).

18   Plaintiff must submit evidence to establish a link between the exercise of constitutional rights

19   and the allegedly retaliatory action. *See Pratt v. Rowland*, 65 F.3d 802, 807-08 (9th Cir. 1995).

20        Plaintiff has no constitutional right to alter forms. Further, he was not retaliated against

21   for exercising his rights of access to courts or freedom of religion. Instead, his requests regarding

22   those protected rights were not processed because of his alteration of the forms. The Court has

23   determined that not allowing alteration of the form furthers legitimate penological goals and

24

1    cannot be depicted as retaliation. *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (*per*

2    *curiam*) (*citing Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985)). Therefore, plaintiff's

3    retaliation claim fails and the Court recommends granting defendants' motion.

4          4.      Qualified immunity from suit.

5          Defendants are entitled to this immunity in a civil action for damages, provided their

6    conduct does not violate clearly established federal statutory or constitutional rights of which a

7    reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)(citations

8    omitted); *see also Anderson v. Creighton*, 483 U.S. 635, 638 (1987)("whether an official

9    protected by qualified immunity may be held personally liable for an allegedly unlawful official

10   action generally turns on the 'objective legal reasonableness' of the action assessed in light of the

11   legal rules that were 'clearly established' at the time it was taken")(*quoting Harlow*, 457 U.S. at

12   818, 819); *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002). Thus, qualified immunity

13   "'provides ample protection to all but the plainly incompetent or those who knowingly violate

14   the law'". *Burns v. Reed*, 500 U.S. 478, 495 (1991) (*quoting Malley v. Briggs*, 475 U.S. 335, 341

15   (1986)). Qualified immunity is "an affirmative defense that must be pleaded by a defendant

16   official". *Harlow*, 457 U.S. at 815 (*citing Gomez v. Toledo*, 446 U.S. 635 (1980)). Defendants

17   have raised the defense (ECF No. 19, page 6).

18         The defense is "*immunity from suit* rather than a mere defense to liability." *Mitchell v.*

19   *Forsyth*, 472 U.S. 511, 526 (1985)(italic in original).The Court must determine whether the facts,

20   taken in the light most favorable to plaintiff, demonstrate that defendants' conduct violated a

21   federal statutory or constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in*

22   *part by Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009). In addition, the Court must ascertain

23

24

REPORT AND RECOMMENDATION - 7

1  whether the federal statutory or constitutional right at issue was "clearly established" at the time

2  of the alleged violation. *Id*. at 201.

3        Although the U.S. Supreme Court's holding in *Saucier* required that the determination of

4  a violation of a federal right be the initial inquiry, the Supreme Court later held "that the *Saucier*

5  protocol should not be regarded as mandatory in all cases, [however] we continue to recognize

6  that it is often beneficial". *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

7        In determining if a specific right is clearly established the Court must be careful not to

8  apply the test at too general a level. For a law to be "clearly established," it must be sufficiently

9  clear so that a reasonable official would understand that their action violates that right. *Anderson*

10  *v. Creighton*, 483 U.S. 635, 640 (1987).  In the absence of binding precedent, the Court may look

11  to whatever decisional law is available in order to determine whether or not the law was clearly

12  established at the time the alleged acts occurred.  *Capoeman v. Reed*, 754 F.2d 1512, 1514 (9th

13  Cir. 1985). The Court has attempted to find any case where a person omitted part of a form or

14  altered the form by deleting part of it as a form of free speech.

15        The Court has not found any support for plaintiff's position that he has a first amendment

16  right to alter Department of Corrections' forms. Accordingly the Court recommends in the

17  alternative that defendants' motion for qualified immunity be granted because the law on this

18  point is not clearly established. The Court recommends that this action be dismissed. The Court

19  also recommends that plaintiff's in forma pauperis status be revoked for the purpose of appeal.

20        Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

21  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

22  6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

23  review by the district judge. *See* 28 U.S.C. § 63(b)(1)(C). Accommodating the time limit

24

REPORT AND RECOMMENDATION - 8

1    imposed by Fed. R. Civ. P. 72(b), the Clerk's Office is directed to set the matter for

2    consideration on February 15, 2013, as noted in the caption.

3            Dated this 11th day of January, 2013.

4

5

6    _____
     J. Richard Creatura
7    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 9